```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA

                       ATLANTA DIVISION

UNITED STATES OF AMERICA    )
                            )
         vs.                )    CRIMINAL ACTION NO.
                            )
GUILFORD WATSON, III        )    1:04-CR-345-CC
_____)
```

## SENTENCING MEMORANDUM

COMES NOW the Defendant, GUILFORD WATSON III, by and through undersigned counsel, and hereby submits the following sentencing memorandum for the Court's review.  Mr. Watson objects to the presentence report on several grounds: (1) the presentence report contains numerous enhancements that violate the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004); (2) the sentencing enhancement in paragraph 63 of the presentence report for possession of images not charged in the indictment also violates the Supreme Court's decision in Ashcroft v. Free Speech Coalition, 122 S. Ct. 1389 (2002), because the government has not charged them in an indictment and proved to a jury beyond a reasonable doubt that the images are of real children, and (3) the sentencing enhancement in paragraph 63 of the presentence report for possession of images not charged in the indictment also violates the Eleventh Circuit's recent decision in United States v. Maxwell, 386 F.3d 1042 (11th Cir. 2004), because the government has not charged in an indictment and proved to a jury beyond a

reasonable doubt that the images traveled in interstate commerce prior to being discovered in Mr. Watson's possession.[1]

## I.    BLAKELY v. WASHINGTON

The United States Supreme Court has made clear that sentencing enhancements cannot be imposed unless they have been charged in the indictment and admitted at a plea or proved to a jury beyond a reasonable doubt. Blakely, 124 S. Ct. at 2537. Counsel for Mr. Watson made clear at the plea hearing that Mr. Watson was admitting the facts charged in the indictment and essential to the elements of the offense, but that he was not required to admit other uncharged conduct. Transcript, at 21-22. The Court is without authority under the Fifth and Sixth Amendment to apply sentencing enhancements for uncharged conduct and Mr. Watson objects to the enhancements applied in paragraphs 58-61 and 63 of the presentence report.

Mr. Watson acknowledges the Eleventh Circuit's recent decision in United States v. Reese, 382 F.3d 1308 (11th Cir. 2004), however, the Supreme Court was clear that an upward adjustment in a sentence violates Apprendi and the Fifth and Sixth Amendments when it is based on a fact not charged and found by the court instead of a jury, and Mr. Watson respectfully disagrees with Reese and preserves this issue for further review.

---

[1] Mr. Watson does not dispute that the images sent to the FBI agent which were the subject of the indictment and admitted at the plea traveled in interstate commerce.

**II.  ASHCROFT V. FREE SPEECH COALITION**

Mr. Watson also objects to the imposition of a five level sentencing enhancement for possession of over 600 images of child pornography.  In Ashcroft v. Free Speech Coalition, 535 U.S. 234, 122 S. Ct. 1389 (2002), the Supreme Court rejected a ban on virtual child pornography and computer-generated child pornography. Id. The Court held that, while virtual child pornography sometimes may be obscene, it is not prohibited under the pornography laws relying on New York v. Ferber to justify the restriction of the First Amendment speech.  Id. at 240, 122 S. Ct. at 1396.

> As the Eleventh Circuit has noted:
>
> The Supreme Court's decision in Ashcroft v. Free Speech Coalition makes a close analysis of the evidence to determine whether the evidence actually constituted child pornography more necessary.  It is clear from that opinion that the government bears the burden of proving that the child pornography actually depicts real children, rather than virtual images of children or adults who look like children.

United States v. Dodds, 347 F.3d 893, 899 n. 5 (11th Cir. 2003) (internal citation omitted).

The government does not contend that Mr. Watson manufactured or produced any of the images for which they seek an enhancement. Mr. Watson does not know whether the images are real or computer-generated.  The burden is on the government to prove the images are of real children.

**III. UNITED STATES v. MAXWELL**

The Eleventh Circuit has also held that the purely intrastate possession of images that constitute child pornography cannot be prosecuted in federal court without violating the Commerce Clause. United States v. Maxwell, 386 F.3d 1042 (11th Cir. 2004). In order for a defendant to be subject to federal criminal laws for possession of such images, the government must prove that the images traveled in interstate commerce. Id. at 1064.

With the exception of the images charged in the indictment that Mr. Watson sent to the FBI agent, the government cannot seek a sentencing enhancement for the remaining images without proving beyond a reasonable doubt that the images came into Mr. Watson's possession by traveling in interstate commerce. Id. Accordingly, Mr. Watson objects to any enhancement based on images outside those charged in the indictment and admitted at the plea hearing.

**IV. SENTENCING**

If the Court adopts all of Mr. Watson's objections or if the Court adopts Mr. Watson's Blakely objections, the offense level for Count One of the indictment remains the same at 23 and the offense level for Count Two becomes 19. Applying the multiple count rules from section 3D1.4 of the Guidelines, the total offense level becomes 25. A subtraction of three levels for acceptance of responsibility results in an offense level of 22 and a sentencing

range of 42 to 52 months, overridden by a mandatory statutory minimum of 60 months.  <u>See</u> U.S.S.G. Sentencing Table.

Mr. Watson respectfully objects to any sentence greater than the mandatory minimum sixty month term of imprisonment.

Dated:  This 3rd day of January, 2005.

                                Respectfully submitted,

                                s/_____
                                NICOLE M. KAPLAN
                                GEORGIA  STATE  BAR  NO.  382495
                                ATTORNEY FOR GUILFORD WATSON III

Federal Defender Program, Inc.
Suite 1700, The Equitable Building
100 Peachtree Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing SENTENCING MEMORANDUM was formatted in Courier 12 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following Assistant United States Attorney of record:

>Sheila Arnum, Esq.
>Assistant United States Attorney
>600 Richard B. Russell Building
>75 Spring Street, S.W.
>Atlanta, Georgia 30303

Dated:  This 3rd day of January, 2005.

<u>s/                              </u>
NICOLE M. KAPLAN
GEORGIA STATE BAR NO.  382495
ATTORNEY FOR GUILFORD WATSON III